## THE PEOPLE ex rel. CRAWFORD vs. MOLITOR.

The statute provides that "The persons having received the greatest number of votes given for any office at such election, shall be deemed and declared duly elected." It does not under any circumstances allow a minority candidate to be deemed elected, whether the person for whom the majority seem to have voted can or cannot be installed.

*Quo Warranto*

*Opinion by* CAMPBELL, C. J.—This was a proceeding by *quo warranto* to enquire into the respondent's title to the office of Supervisor of the township of Rogers in Alpena County.— The respondent's plea sets up that 150 votes were cast at the

election, of which relator had 2, respondent 69, and 72 ballots were cast for "L C. Crawford," whereby he declared himself elected.

A statement of facts was agreed upon and used at the hearing, but it appears that it did not have the signature of the Attorney General. It was held in *People vs. Pratt*, 15 *Mich.*, 184, that the Attorney General was the only person whose stipulation could be acted upon so as to affect the People.

The Court, however, can consider any admissions in the plea as binding on the respondent, and the plea was deemed an admission that respondent had no title, because it shows affirmatively that he did not receive the greatest number of votes cast. The statute provides that "The persons having received the greatest number of votes given for any office at such election, shall be deemed and declared duly elected." It does not under any circumstances allow a minority candidate to be deemed elected, whether the person for whom the majority seem to have voted can or cannot be installed. Whether in this case there is any such person as L. C. Crawford does not change the state of the canvass, or make 69 a larger number than 72.

Judgment of ouster must go against the defendant with costs to the People. Defendant cannot, however, by his statements or admissions, establish any rights in others. His default or his admissions may preclude himself, but can go no further. The title of a relator can only be adjudicated when upon the facts lawfully established in the cause his right necessarily appears from the finding. It was not part of the principal issue in this cause, and disproving respondent's right does not establish his. As the plea raised no issue it was thought questionable whether proofs could be taken under it at all in regard to the rights of the relator, when there is nothing which respondent could try. But, without deciding this, the Court could not act upon the agreed case, and could not give judgment except upon respondent's title.